UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

WADE BYNUM CORDELL, )
 )
    Petitioner, )
 )
v. ) No. 2:20-CV-00180-JRG-JEM
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Wade Bynum Cordell's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] the United States' Response [Doc 4], and Mr. Cordell's Reply [Doc. 5]. For the reasons herein, the Court will deny Mr. Cordell's motion.

### I. BACKGROUND

In 2019, Mr. Cordell entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C) and pleaded guilty to conspiring to distribute or possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. [Plea Agreement, Doc. 522, at 1, No. 2:18-CR-00036-6-JRG-JEM]. With a criminal history category of V and total offense level of 31, he had a guidelines range of 168 to 210 months' imprisonment, [Statement of Reasons, Doc. 800, at 1, 2:18-CR-00036-6-JRG-JEM]. In the Rule 11(c)(1)(C) agreement, however, the parties agreed that the appropriate sentence was 151 months' imprisonment. [Plea Agreement at 5]. The Court accepted the plea agreement and, in doing so, varied downward and sentenced Mr. Cordell to a below-guidelines-range sentence of 151 months' imprisonment, [J., Doc. 799, at 2, 2:18-CR-00036-6 JRG-JEM; Statement of Reasons at 2–4]. He did not appeal the Court's sentence. Now, he moves

1

the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States opposes his motion. Having carefully reviewed and considered Mr. Cordell's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing he is

entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," he will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d `695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

3

### III. ANALYSIS

In pursuing relief under § 2255, Mr. Cordell brings a single claim, contending that his attorney was constitutionally ineffective because he did not move for "a two-point reduction for a 'minor participant role'" under USSG § 3B1.2(b), despite allegedly telling him that he was eligible for the reduction. [Def.'s Mot. at 1; Def.'s Reply at 2].[1] According to Mr. Cordell, if his attorney "would . . . have raised this issue, [he] could have got the two-point reduction [he] was eligible for." [Def.'s Mot. at 4]. In response, the United States asserts that Mr. Cordell's claim is without merit because he has established neither deficient performance nor prejudice under the familiar two-part *Strickland* test. [United States' Resp. at 4–6].

**A. Ineffective Assistance of Counsel**

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests her sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish deficient performance, a petitioner must show that her counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687.

---

[1] USSG § 3B1.2(b) states that a defendant is eligible for a two-level reduction if he "was a minor participant in any criminal activity." A "minor participant" is someone who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." USSG § 3B1.2 cmt. n.5.

4

And to establish prejudice, a petitioner must demonstrate that her counsel's deficient performance was so serious that it deprived her of her fundamental right to due process, *id.*, or in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.[2] *Strickland*'s two-pronged test also applies to a petitioner's challenge of a guilty plea based on allegations of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though a showing of prejudice requires a petitioner to establish that "there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial," *id.* at 59 (footnote omitted). A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either prong of this test, her claim of ineffective assistance of counsel fails. *Id.* at 697.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted). Indeed, "[c]ounsel's performance is strongly presumed to be effective." *Jones v. Bell*, 801 F.3d 556, 562 (6th Cir. 2015) (quotation omitted); *see Thelen v. United States*, 131 F. App'x 61, 63 (6th Cir. 2005) ("A deferential standard of review applies to ineffective assistance claims. A defendant must show that counsel's representation was so 'thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" (quoting *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996))); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." (citation omitted)). Even if a particular aspect of

---

[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

5

counsel's performance proves to be deficient, that deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Strickland*, 466 U.S. at 691 (citation omitted).

Again, Mr. Cordell claims that his attorney rendered ineffective assistance of counsel because he failed to move for a two-level reduction under USSG § 3B1.2(b). In the context of § 2255 proceedings—and, more specifically, in the context of a claim of ineffective assistance of counsel—Mr. Cordell cannot establish deficient performance on his attorney's part merely by faulting him for not filing a particular motion. Rather, he must show that the motion would have been fruitful. *See Brown v. McKee*, 231 F. App'x 469, 475 (6th Cir. 2007) (stating that "[t]rial counsel's failure to bring a meritless . . . motion cannot constitute ineffective assistance'" (alteration in original) (quotation omitted)); *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("[C]ounsel could not be unconstitutionally ineffective for failing to raise [a] meritless argument."); *see also Brown v. United States*, No. 20-6206, 2021 WL 1561481, at *2 (6th Cir. Mar. 31, 2021) (recognizing that "counsel cannot be deemed ineffective for failing to file a meritless motion" (citing *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010))).

The United States rightly argues that Mr. Cordell fails to establish deficient performance because he has not shown that he was entitled to the reduction under § 3B1.2(b). [United States' Resp. at 4]. Under § 3B1.2(b), "[t]he relevant inquiry is whether a defendant is substantially less culpable than the co-participants in the crime he was charged with committing, not the average offender of a typical offense," *United States v. Jones*, 765 F. App'x 113, 115 (6th Cir. 2019) (citation omitted), and this inquiry is fact-based, meaning that it is "heavily dependent upon the facts of the particular case" and "based on the totality of the circumstances," USSG § 3B1.2 cmt.

6

Case 2:20-cv-00180-JRG-JEM   Document 6   Filed 09/18/23   Page 6 of 9   PageID #: 34

n.3(C). In deciding whether a defendant has satisfied this inquiry, the Court considers five non-exhaustive factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* Mr. Cordell identifies none of these factors in his three-sentence § 2255 motion, *see* [Def.'s Mot. at 4], and although, in his reply brief, he makes the observation that he was "not on the 'top five' people of the indictment," [Def.'s Reply at 2],[3] this mere observation hardly amounts to a meaningful argument that he was a minor participant in the conspiracy. He therefore fails to show that a motion under § 3B1.2 would have been fruitful, and in the absence of this showing, the Court cannot conclude that his attorney acted deficiently in not filing this motion. *Brown*, 2021 WL 1561481 at *2; *Mapes*, 171 F.3d at 427; *Brown*, 2021 WL 1561481 at *2.

But even if he had established that his attorney's performance was deficient, his claim would still fail because, as the United States correctly asserts, he makes no persuasive argument that his attorney's failure to move for a two-level reduction under § 3B1.2 caused him to suffer prejudice. "[A]ttorney errors resulting in increased prison time can constitute prejudice," *Thelen*, 131 F. App'x at 65–66 (citing *Glover v. United States*, 531 U.S. 198, 203–04 (2001)), but even

---

[3] The conspiracy involved twenty-seven total defendants.

if Mr. Cordell had shown that he was entitled to the two-level reduction, he makes no headway in demonstrating that his sentence would have been any different. With the two-level reduction, his total offense level would have been 29 instead of 31, and a total offense level of 29 together with his criminal history category of V would have yielded a guidelines range of 140 to 175 months. Mr. Cordell's 151-month sentence already falls within that range. Having received the benefit of a variance that resulted in a sentence that was nearly thirty percent below the top of his guidelines range, Mr. Cordell musters no appreciable argument or allegation "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. His claim of ineffective assistance of counsel is therefore without merit not only because he fails to establish that his attorney acted deficiently but also because he fails to establish prejudice.

    B. **Certificate of Appealability**

The Court must now determine whether to issue a certificate of appealability, which is necessary for Mr. Cordell to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claims on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having addressed the merits of Mr. Cordell's claims, the Court does not conclude that reasonable jurists would find that its rejection of his claims is debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Cordell.

8

Case 2:20-cv-00180-JRG-JEM   Document 6   Filed 09/18/23   Page 8 of 9   PageID #: 36

## IV. CONCLUSION

As the petitioner under § 2255, Mr. Cordell fails to meet his burden of establishing that his conviction and sentence are in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. Mr. Cordell's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE